IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAM COOK, | ) |
|         Petitioner, | ) |
| v. | ) Case No. 17-cv-03264 |
| CAMERON WATSON, Warden, Western Illinois Correctional Center, | ) |
|         Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Petitioner Sam Cook's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1). This Court must dismiss a § 2254 petition and direct the Clerk to notify Petitioner if it appears from the petition and any attached exhibits that Petitioner is not entitled to relief. See Rule 4 of the Rules Governing Section 2254 Proceedings. A preliminary review of Petitioner's § 2254 petition shows that the petition must be dismissed because it is untimely and Petitioner is not entitled to relief.

# I. BACKGROUND

The Court takes the following information from Petitioner's § 2254 petition, the attachments thereto, and the 2018 state appellate court decision affirming the dismissal of Petitioner's most recent postconviction petition, People v. Cook, 2018 IL App (1st) 151407-U. The Court can take judicial notice of public records. See United States ex rel. Santiago v. Hinsley, 297 F. Supp. 2d 1065, 1068 n.4 (N.D. Ill. 2003) (involving summary dismissal of a § 2254 petition where the court took judicial notice of public records about the petitioner's prior litigation in state court).

In 2002, a jury found Petitioner guilty of first degree murder for the October 28, 1998, shooting death of his wife. The trial court sentenced Petitioner to 42 years' imprisonment. Petitioner appealed, arguing "that he was denied a fair trial and due process where the circuit court refused to excuse for cause a juror who was observed 'nodding off' during his direct testimony, and that the prosecutors made improper comments during closing arguments." People v. Cook, 2018 IL App (1st) 151407-U, ¶ 4. The Illinois Appellate Court, First District, affirmed Petitioner's conviction and

sentence on September 17, 2003.  The Illinois Supreme Court denied Petitioner's petition for leave to appeal on January 28, 2004.

In 2004, Petitioner filed a postconviction petition in state court.  The trial court dismissed the petition.  The appellate court affirmed the dismissal on October 17, 2006, and the Illinois Supreme Court denied Petitioner's petition for leave to appeal on January 24, 2007.  Petitioner filed a successive postconviction petition in state court in 2009, but the petition was dismissed, and the dismissal was affirmed on appeal.  Other postconviction petitions filed in state court by Petitioner in 2010 and 2015 met the same fate.  On September 26, 2017, the Illinois Supreme Court denied Petitioner's motion for leave to file a petition for a writ of habeas corpus.

On November 14, 2017, prior to the affirmance of the dismissal of his 2015 postconviction petition, Petitioner filed the § 2254 petition at issue herein.  In the § 2254 petition, Petitioner asserts that he is entitled to day-for-day credit on his sentence because his crime was committed prior to the date the Illinois Supreme Court held that the law prohibiting Petitioner from receiving any sentence credit was validly reenacted.  Petitioner

claims that his sentence, specifically his inability to receive day-for-day credit, violates federal law.

## II. <u>ANALYSIS</u>

Initially, the Court finds that Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides for a one-year statute of limitations for § 2254 petitions; the limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Here, Petitioner does not assert that the State created an impediment to filing his petition (§ 2244(d)(1)(B)), that the Supreme Court has recognized a right and made that new right retroactively applicable to cases on collateral review (§ 2244(d)(1)(C)), or that the factual predicate for his claim could not have been discovered previously through the exercise of due diligence (§ 2244(d)(1)(D)). Therefore, the Court will address the timeliness of Petitioner's § 2254 petition under only § 2244(d)(1)(A).

Under 28 U.S.C § 2244(d)(1)(A), the relevant starting date for the limitations period for Petitioner's § 2254 petition is the date on which Petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. Here, Petitioner's conviction became final on January 28, 2004, the date on which the Illinois Supreme denied leave to appeal, thereby concluding direct review of Petitioner's conviction and sentence.

Although the one-year period is tolled during the time a properly filed postconviction petition or petition for other collateral

review is pending in state court, Petitioner's § 2254 petition is still untimely. Judicial review of Petitioner's initial postconviction petition concluded on January 24, 2007. Petitioner's next postconviction petition was filed in 2009. Even assuming that the 2009 postconviction petition was "properly filed," the one-year limitations period expired no later than January 2008. Therefore, Petitioner's § 2254 petition, which was filed on November 14, 2017, is untimely under § 2244(d)(1)(A).

Plaintiff's postconviction petitions filed after January 2008 provide no avenue for relief. Postconviction proceedings filed after the expiration of the one-year limitations period do not restart the one-year period. De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) ("It follows that a state proceeding that does not begin until the federal year has expired is irrelevant."); Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007) (holding that a petition for collateral review filed after the federal habeas statute of limitations has run does not toll the one-year statute of limitations).

Petitioner does not assert that equitable tolling or equitable estoppel applies, nor does the Court find any basis for applying these doctrines here. See Tucker v. Kingston, 538 F.3d 732, 734

(7th Cir. 2008) (for equitable tolling to apply, a petitioner must show that "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition" and he must show that "he has diligently pursued his claim, despite the obstacle"); Clarke v. United States, 703 F.3d 1098, 1101 (7th Cir. 2013) (equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit). The statutory provision mandating that Petitioner receive no day-for-day credit on his sentence for first degree murder became law on June 19, 1998. People v. Reedy, 708 N.E.2d 1114, 1121 (Ill. 1999). Petitioner could have raised the claim he asserts in his § 2254 petition on direct appeal, but he failed to do so.

In addition, Petitioner's claim is procedurally defaulted. Before this Court can entertain claims brought in a § 2254 petition, the petitioner must assert the claims through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Here, Petitioner did not raise his current claim on direct appeal. In fact, the only filing in which Petitioner brought his current claim to the attention of an Illinois court was the motion for leave to file a petition for writ of habeas

corpus Petitioner filed with the Illinois Supreme Court in 2017, 15 years after his conviction.

Further, the Court finds that summary dismissal is warranted on the merits. In his § 2254 petition, Petitioner challenges the application of 730 Ill. Comp. Stat. 5/3-6-3(a)(2)(i) to his sentence. This statutory provision provides that a prisoner serving time for first degree murder shall receive no sentence credit. 730 Ill. Comp. Stat. 5/3-6-3(a)(2)(i). Petitioner argues that the statute does not apply to his sentence for first degree murder, claiming that the statute was not valid until January 22, 1999, months after he committed his crime. However, the statute provides that it applies to all first degree murder offenses "committed on or after June 19, 1998," the date the statute went into effect. 730 Ill. Comp. Stat. 5/3-6-3(a)(2); Reedy, 708 N.E.2d at 1121. Petitioner admits that his crime occurred in October 1998, meaning that the provision prohibiting any sentence credit for those convicted of first degree murder was properly applied to Petitioner's sentence. Therefore, Petitioner is not entitled to day-for-day credit on his sentence.

## III. CONCLUSION

Because it plainly appears from the petition and the attached exhibits that the petition is untimely and that Petitioner is not entitled to relief, the Court SUMMARILY DISMISSES Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1). The dismissal of Petitioner's § 2254 petition is WITH PREJUDICE. The Clerk is DIRECTED to mail a copy of this Opinion to Petitioner.

Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). For such a showing to exist, reasonable jurists must be able to "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court DECLINES to issue

Petitioner a certificate of appealability.

Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) and Motion for Appointment of Counsel (d/e 4) are DENIED as MOOT. This case is CLOSED.

ENTER: March 12, 2018

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE